**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

November 3, 2011

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:   Lowenbein v. United
        11 CV 4639 (BMC)**

Dear Judge Cogan:

Plaintiff's Position:

I represent the plaintiff in the above referenced matter.  This matter contains two causes of action. The first is filed pursuant to the Fair Debt Collection Practices Act as a putative class action suit.  One class is those members who received telephonic message where the defendant did not set forth that the communication is from a debt collector which clearly violates the premier Southern District case of Foti v. NCO.  Another class is for those members where the defendant did not state the proper name of the defendant.

I have turned over two messages to defendant's counsel which were apparently live messages but where the collector did not state that the call was from a debt collector or the proper name of the defendant.  The defendant engaged in this violation against the plaintiff a plethora of times.  Third, the defendant manipulated its caller ID so that the plaintiff and consumers would be more likely to answer the telephone.  A fourth class exists for those members who were charged for the message.  The plaintiff has a wireless paging service where the plaintiff is charged for each call.  The damages are $1000.00 maximum for the plaintiff, a possible incentive award for representing the class and a maximum of 1% of the net worth of the defendant for the classes.

In response to the defendant's assertion that there must be something wrong with plaintiff caller id, plaintiff attaches two links to websites where consumers can comment upon 800 numbers.  The comments there show that the there have been other complaints that the caller ID appears simply as a 419 number.   http://800notes.com/Phone.aspx/1-800-333-7729  http://whocallsme.com/Phone-Number.aspx/8662164424

The second cause of action involves the Telephone Communication Privacy Act where the plaintiff alleges that the defendant called the plaintiff's wireless pager number where the plaintiff was charged for each call or attempted call where the defendant did not have

express authorization to do so.  We allege that there were 91 calls so that liability could be anywhere from $45,500.00 to $136,500.00 if the Court were to award treble damages.  The defendant disputes the amount of calls.  We consider the calls to be those where a message was left or those where there was an attempt to call the plaintiff but no message was left.  For each attempted call the plaintiff was charged.  We therefore arrive at 91 calls.  Just like the defendant would like us to turn over and recordings, we request that the defendant turn over the account history as soon as possible so we can determine how many attempted calls were made according to the defendant's records.

The plaintiff has a wireless pager service through evoice.com.  This is a wireless service and not a service where a landline transfers the message to a cell phone.  The consumer is charged for each call.  Therefore, we contend that this service falls under the TCPA.

Evoice.com only offers phone plans where the owner of the phone number is charged for each and every incoming call (even unanswered calls and voice mails)

It was reiterated in the declaratory ruling Request of the ACA note # 7  A debt collector is prohibited to call ANY ONE of the following five types of wireless numbers or services which are prohibited by the TCPA  1)telephone number assigned to a paging service 2) wireless telephone service 3)specialized mobile radio service 4)other radio common carrier service 5) service for which the called party is charged for the call.

Evoice.com wireless numbers meet the criteria of not one but THREE out of the five prohibited wireless phone numbers and services prohibited by the TCPA.

There are numerous of such companies providing these wireless services to millions of customers where the party is charged for the incoming calls like google voice, phone.com and grasshopper to name a few.

Aside from the fact that almost all of these companies charge for all incoming calls, the number is also assigned to a paging service which pages all phones at once until one is picked up (it is clear that the purpose of the TCPA to prohibit these types of calls to such services and numbers was to help avoid the tremendous invasion of privacy that can occur once such numbers are called).

Telecommunication has changed in the past ten years and now almost all of these services are free until you get an incoming call as most wireless companies work off the RPP Termination rates. Termination rates are the charges which one telecommunications operator charges to another for terminating calls on its network. Traditionally three models of charging these fees are known: calling party pays (CPP), bill and keep (BAK, peering), receiving party pays (RPP) almost all the company's that issue numbers which are assigned to wireless virtual paging services work through receiving party rates.

The numbers assigned are those which have prefixes assigned to cellular phone services.  Just because the number shows up as a landline does not justify the defendant's position.  Since the TCPA was enacted many collection agencies have installed "scrubbing

devices" in order to prevent calls to these numbers, but "scrubbing devices" merely limit liability but are not a defense to liability.

Defendant's Position:

        I.       FDCPA Class Action Allegations

Defendant UCB has received recordings of two messages allegedly left for plaintiff by UCB. Both messages fail to disclose that the message is from a debt collector.

With regard to plaintiff's claim that UCB manipulated plaintiff's caller ID, UCB believes this allegation is frivolous. It did not manipulate plaintiff's caller ID and does not have the means to manipulate a consumer's call ID so that only the area code 419 appears. My client believes that either the consumer's telephone provider erred or there is something wrong with plaintiff's caller ID.

Plaintiff alleges that he was charged for messages left by UCB on his wireless telephone, in violation of § 1692(f), which provides that it is violation of the FDCPA to cause "charges to be made to any person for communications by concealment of the true purpose of the communication." UCB believes that all of the telephone numbers called by UCB were landline numbers and not wireless numbers. UCB contends that it cannot be responsible, or held in violation of the FDCPA, if plaintiff set up call-forwarding to his cellular telephone, unbeknownst to UCB. Again, UCB does not believe that it ever called plaintiff's wireless telephone.

Moreover, UCB does not believe a class action is a fair or efficient way to adjudicate the alleged class members' FDCPA claims because UCB does not believe that the requirements for a class action can be satisfied for many of plaintiff's alleged sub-classes.

        II.      TCPA Allegations

UCB has conducted an investigation of the telephone numbers called by its automated dialer by using Lexis Nexis, Intelis and Switchboard. UCB believes that all of the numbers called by its automated dialer were landlines and or numbers where plaintiff provided express consent to call those numbers by placing them in his application to the underlying creditor.

Currently, UCB is unaware if the landlines are residential numbers. If the numbers called are residential, it is well-established under the Federal Communications Commission's ("FCC") regulations that pre-recorded calls to residences are exempt from the TCPA if the calls are from a party with whom the consumer has an established business relationship and they are commercial calls which do not adversely affect privacy rights and do not transmit an unsolicited advertisement. The FCC has specifically held that this exception applies to debt collectors calling a consumer in an attempt to collect a

debt. Again, UCB should not be held responsible if plaintiff set up a call forwarding system where his landline telephone calls are forwarded to his cellular telephone. unbeknownst to UCB.

Moreover, UCB submits that it did not telephone plaintiff 91 times using an automated dialer and that number is a gross inflation of the number of times UCB attempted to communicate with plaintiff. UCB also submits that to the extent any of its conduct violated the TCPA, which UCB believes it did not, its conduct was not intentional and the damages should not be trebled.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein