**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

February 10, 2012

**VIA ECF**
The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE:    Lowenbein v. United
         11 CV 4639 (BMC)**

Dear Judge Cogan:

I represent the plaintiff in the above referenced matter and am requesting leave to file a motion for class certification.  Being that discovery in this matter with conclude shortly, I believe that it appropriate at this time to at least file the motion.

I believe that we have a strong basis to file a motion for class certification.  We have evidence that 18 different collectors left messages for the plaintiff where the message failed to indicate that the communication was from a debt collector.  Where it is known that collectors have the ability to make 50,000 to 60,000 collection calls per years, we have a strong basis to make a showing of numerosity.  Also, we believe that the defendant is a substantial entity with over 1000 employees.  While net worth is not a barrier to class certification, we intend to explore the issue of net worth at defendant's deposition.  As per 15 U.S.C. § 1692k, class damages are up to 1% of the defendant's net worth.

We also believe that we can prevail upon the plaintiff being charged for each call where we have pled a violation of 1692f(5).  Of course, the purpose of a class certification is not to try to allegations on the merits so that at this point in time, we believe that we have sufficient evidence to have a good faith basis to file the said motion.

While there may be issues of determining who are the class members, I recall being before Judge Glasser quite a number of years ago in the matter of Harrison v. Great Springwaters of America (Poland Spring) where we accused Poland Spring of creating a fictitious in house collection agency using the name GSWA.  Poland Spring was not able to identify with precision which account holders had received the GSWA letter.  Judge Glasser approved the sending notice to potential members with a form to return to acknowledge receipt of the collection letter at issue.

The Honorable Brian M. Cogan
Page 2


I am prepared to file the motion for class certification in one week and propose that the response and reply briefs be due after the discovery period is concluded.

Thank you for the Court's consideration of the foregoing.


Yours faithfully,

/s/
Adam J. Fishbein

Cc:  Barry Jacobs, Esq.